IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Susie A. Barfield, et al.,[1] | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NOTICE OF REMOVAL |
| | ) | |
| Norfolk Southern Corporation, Jimmy Thornton, and Mike Ford, | ) ) | C.A. _____ |
| | ) | |
| Defendants. | ) | |

TO: THE HONORABLE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA, AIKEN DIVISION

The Defendant, Norfolk Southern Corporation (hereinafter "Norfolk Southern"), files this notice of removal pursuant to 28 U.S.C. §§ 1441 and 1453, thereby removing this case from the Court of Common Pleas for Aiken County, State of South Carolina, to the United States District Court for the District of South Carolina, Aiken Division. In support of this notice of removal, Norfolk Southern states as follows:

Norfolk Southern, a corporation organized and existing pursuant to the laws of the State of Virginia with its principal place of business in Norfolk, Virginia, is a party to a civil action brought in the Court of Common Pleas of Aiken County titled "Susie A. Barfield, et al., Plaintiffs, vs. Norfolk Southern Corporation, Jimmy Thornton, and Mike Ford[,] Defendant[s]," C.A. No.: 2008-CP-02-67, which action was commenced by the filing of a summons and complaint that the plaintiffs' attorney filed with the Clerk of Court of Common Pleas for Aiken County on January 4, 2008. Upon information and belief, no further proceedings have taken

---

[1] Plaintiffs' complaint names over 140 plaintiffs, plus 50 "John and Jane Doe" plaintiffs. Plaintiffs bring this action seeking declaratory relief on behalf of themselves and all similarly situated plaintiffs and should be styled as such.

place in this action. As discussed further below, removal is proper under the Class Action Fairness Act. *See* 28 U.S.C. §§ 1332, 1453.

1. <u>Service of Complaint</u>: To the best of Norfolk Southern's knowledge, none of the defendants has been formally or properly served with a copy of the summons and complaint in this action.

2. <u>Removal is proper under the Class Action Fairness Act</u>: The United States District Court for the District of South Carolina, Aiken Division, has original subject matter jurisdiction of this civil action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332 and 1453. "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

Plaintiffs' complaint, naming at least 140 plaintiffs, plus 50 "John and Jane Doe" plaintiffs, expressly states that they seek a "declaratory judgment that Plaintiff [sic] *and all similarly situated plaintiffs* are entitled to pursue their claims for negligence against the Defendant[s]." Complaint, p. 5 (emphasis added). Plaintiffs' claim, on behalf of themselves and "all similarly situated plaintiffs," therefore falls within CAFA's definition of a "class action." *See* 28 U.S.C. § 1332(d)(1)(B). In fact, plaintiffs' complaint is virtually a carbon copy of the complaint filed in *James McGough v. Norfolk Southern Corp., et al.*, C.A. 1:07-cv-03712-MBS (D.S.C.), which Norfolk Southern removed to this court on November 13, 2007. For the same reasons stated in Norfolk Southern's notice of removal and other pleadings in the *McGough* action, which it expressly incorporates herein by reference and of which this court may take judicial notice, this court has jurisdiction over plaintiffs' claims in the present action.

Plaintiffs' class action also involves 100 or more people. The complaint itself lists well over 100 plaintiffs. Furthermore, these numerous plaintiffs define their "similarly situated plaintiffs" as former employees of Avondale Mills, Inc. who allegedly lost their jobs as a result of the derailment of a Norfolk Southern train in Graniteville, South Carolina that allegedly damaged Avondale Mills to such an extent that it had to close its facilities. As stated the plaintiffs' complaint, these "similarly situated plaintiffs" include those plaintiff classes in *Self v. Norfolk Southern Corp. et al.*, C/A No. 1:06-cv-01730-MBS (D.S.C.), *Lanier v. Norfolk Southern Corp.*, C/A No. 1:05-3476-MBS (D.S.C.), and *Chavious v. Norfolk Southern Corp.*, C/A No. 1:06-2104-MBS (D.S.C.). This court can take judicial notice of the fact that the number of plaintiff class members in these cases was 100 or more. For example, the complaint in *Self* expressly states that the class is "in excess of 3000 persons." *Self*, C/A No. 1:06-cv-01730-MBS, Docket Entry No. 1, p. 2; *Chavious*, C/A No. 1:06-2104-MBS, Docket Entry No. 1, Exhibit B (Complaint), at ¶ 1 (stating class is in excess of 1700 persons); *see also* Affidavit of W. Howard Boyd, Jr. ("Boyd Affidavit"), submitted in the *McGough* action and attached hereto as **Exhibit A** (attaching complaints from prior actions and stating that the number of "similarly situated plaintiffs" on behalf of which this action seeks a declaratory judgment is 100 or more).

Furthermore, the amount in controversy exceeds $5,000,000. Although this matter seeks only a declaratory judgment, the value of the object of the litigation to these numerous plaintiffs and their similarly situated plaintiffs well exceeds $5,000,000. *See Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977). As stated above, this action seeks a "declaratory judgment that Plaintiff [sic] and all similarly situated plaintiffs are entitled to pursue their claims for negligence against the Defendant[s]," Complaint, p. 5, and makes specific reference to the similarly situated plaintiffs in *Lanier*, *Self*, and *Chavious*. This court has already determined that *Lanier* and *Chavious* involved an amount in controversy exceeding $5,000,000,

3

as permitted and required by CAFA.  *See* 28 U.S.C. § 1332(d)(2), (6); *see also Lanier*, C/A No. 1:05-3476-MBS, Docket Entry No. 27, at 4; *Chavious*, C/A No. 1:06-2104-MBS, Docket Entry No. 33, at 4 n.1.  The U.S. Court of Appeals for the Fourth Circuit affirmed this court's prior ruling in *Lanier*, confirming that these basic elements of jurisdiction are present.  *See Lanier v. Norfolk Southern Corp.*, No. 06-1986, 2007 WL 4270847, at *2 (4th Cir. Dec. 5, 2007) ("Our review of the record shows that minimal diversity is present between the parties and there is nothing in the record that would support a finding to a legal certainty that the judgment would be less than $5 million.") (unpublished, attached hereto as Exhibit B), *pet. for reh'g denied* (Jan. 8, 2008).  Additionally, the similarly situated plaintiffs in *Self* brought their case against Norfolk Southern in the court's original jurisdiction specifically pursuant to CAFA, stating "[t]he matter in this controversy will well exceed $5,000,000."  *Self*, C/A No. 1:06-cv-01730-MBS, Docket Entry No. 1, p. 4.  Moreover, the similarly situated plaintiffs have claimed damages including loss of job, income, future income, benefits, future benefits, retirement, future vesting of retirement, insurance coverages, future insurance coverages, economic damages, attorney's fees and punitive damages.  *See, e.g.*, *Chavious*, C/A No. 1:06-2104-MBS, Docket Entry No. 1, Exhibit B (Complaint), at ¶¶ 36, 40, 57, 62, 66, 68, 69, 73, 75, and "Prayer for Relief."  These claimed damages are substantial and, with the considerable number of similarly situated plaintiffs, the amount in controversy is well in excess of $5,000,000.  *See* Boyd Affidavit, at ¶¶ 6-7.

In addition, this case involves minimal diversity, namely, at least one plaintiff and one defendant from different states.  *See* 28 U.S.C. § 1332(d).  Thus, the jurisdictional requirements of the Class Action Fairness Act of 2005 are satisfied and this court has original subject matter jurisdiction.  Removal under the Class Action Fairness Act of 2005 does not require the consent

of co-defendants, *see* 28 U.S.C. § 1453(b), but, in any event, the co-defendants do consent to this removal.

CAFA also contains certain exceptions to jurisdiction, *see, e.g.*, 28 U.S.C. § 1332(d)(3)-(5), but the party opposing removal bears the burden of proving the applicability of these exceptions. *See Hart v. Fedex Ground Package Sys., Inc.*, 457 F.3d 675, 680 (7th Cir. 2006); *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 (11th Cir. 2006); *Eakins v. Pella Corp.*, 455 F. Supp.2d 450, 452 (E.D.N.C. 2006). In any event, none of the exceptions applies. By way of example only, the similarly situated plaintiffs are citizens of a state different from Norfolk Southern, who is the primary defendant in this action, who is a defendant from whom significant relief is sought, whose conduct forms a significant basis for the claims asserted, and who is not a citizen of South Carolina. Moreover, other class actions asserting the same or similar claims on behalf of the same or other persons have been filed in the prior three years, as evidenced by *Lanier*, *Chavious*, *Self*, and *McGough*, as well as *Baker v. Norfolk Southern Ry. Co.*, C/A No. 1:07-153-MBS (D.S.C.).[2]

    3.    <u>Timely filed (30 days)</u>: This petition for removal is timely filed pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) in that it is filed prior to thirty (30) days from service of the summons and complaint.

    4.    <u>Timely filed (one year)</u>: This action was not commenced in state court more than one year before the date of removal. In any event, the one-year limitation on removal does not apply to CAFA. *See* 28 U.S.C. § 1453(b).

---

[2] Additionally, the plaintiffs are from South Carolina *and* Georgia. *See* Complaint, at ¶ 1. As a result, although the plaintiffs bear the burden of proving the applicability of any of CAFA's exceptions, the "home state" and "local controversy" exceptions may not even be available arguments to the plaintiffs.

5

5. <u>Consent of other defendants</u>: All defendants have joined in this notice of removal, though such consents are not necessary under CAFA. *See* 28 U.S.C. § 1453(b). (See "**Exhibits C and D**" for Co-defendants' Consents).

6. <u>Copies of state court papers</u>: Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and orders received by the removing defendant are attached hereto as "**Exhibit E**."

7. <u>Reservation of defenses</u>: The defendants submit this notice of removal without waiving any defenses to the claims asserted by plaintiffs or conceding that plaintiffs have pled claims upon which relief can be granted or that this matter may be properly brought as a class action. The defendants reserve all procedural, affirmative and any other defenses.

WHEREFORE, Defendant Norfolk Southern Corporation prays that the above case now pending against it in the Court of Common Pleas for Aiken County, South Carolina, be removed therefrom to this Court.

January 11, 2008

s/Thomas E. Vanderbloemen
Daniel B. White (Fed. ID No. 4612)
W. Howard Boyd, Jr. (Fed. ID No. 1431)
Jennifer E. Johnsen (Fed. ID No. 5427)
Thomas E. Vanderbloemen (Fed. ID No. 9858)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC 29603
(864) 271-9580
(864) 271-7502 FAX
dwhite@gwblawfirm.com
hboyd@gwblawfirm.com
jjohnsen@gwblawfirm.com
tvanderbloemen@gwblawfirm.com

Attorneys for Defendant,
Norfolk Southern Corporation